UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ALKIVIADES DAVID; FILMON TV LTD.; FILMON TV INC.; ALKI DAVID PRODUCTION INC.; HOLOGRAM USA; and SWISSX.<br>*Plaintiff(s)*<br><br>-v-<br><br>COMCAST INC.; COMCAST VENTURES, LLC;.<br>*Defendant(s)* | **ANTITRUST COMPLAINT**<br><br>**JURY TRIAL DEMAND** |

## JURISDICTION

This action commences under the TEXAS BUSINESS AND COMMERCE CODE, Title 2, Chapter 15.05 et seq., and applicable provisions of the CLAYTON ACT pursuant to 15 U.S.C. § 15(a). In addition, jurisdiction, in this case, is invoked onto the Court according to Article III, Section 2, to the Constitution of the United States codified under 28 U.S.C. § 1331; Diversity jurisdiction under 28 U.S.C. § 1332(a) is invoked in that most defendants are residents from different states of the Union. Finally, the TEXAS BUSINESS AND COMMERCE CODE 15.26 further invokes jurisdiction.

## VENUE

1. Venue is also proper within this Court pursuant to 28 U.S.C. § 1391(b)(2) and § 1391(c)1, in that, plaintiffs ALKIVIADESDAVID; FILMON TV LTD.; FILMON TV INC., ALKI DAVID PRODUCTION INC., HOLOGRAM USA, SWISSX, are business entities which conducts commercial business activities thru DISH NETWORK and across the United States to include the state of Texas, and the Eastern District of Texas. SWISSX conducts franchise commercial business activities across the United States to include the state of Texas, and the Eastern District of Texas.

## ABOUT THE PLAINTIFFS

2. Plaintiff ALKIVIADES DAVID, known from hereinafter as DAVID, is a businessman and a natural person, and a citizen of the United Kingdom. DAVID is further Consul General at Large to the government of Antigua and Barbuda.

3. Plaintiff FILMON TV LTD., known from hereinafter as, FILMON LTD, is a United Kingdom company doing business in the United States to include the state of Texas and internationally.

4. Plaintiff HOLOGRAM USA., known from hereinafter as, HOLOGRAM, is a United Kingdom company doing business in the United States to include the state of Texas and internationally.

5. Plaintiff FILMON TV INC., known from hereinafter as FILMON INC is a Delaware corporation, doing business internationally.

LAW OFFICE OF MARK LIEBERMAN
1704 Pine Hills Lane
Corinth, Texas 76210

2

6. Plaintiff ALKI DAVID PRODUCTIONS INC., known from hereinafter as ALKI DAVID PRODICTIONS INC., is a Delaware corporation doing business internationally. Plaintiff SWISSX, known from hereinafter as SWISSX, is a franchised company, and based in the state of Texas during all times relevant. SWISSX is a subsidiary company of FILMON TV INC.

## ABOUT THE DEFENDANTS

7. Defendant COMCAST INC. (formerly known as American Cable Systems and Comcast Holdings) and known from hereinafter as COMCAST INC is headquartered in Philadelphia, PA. COMCAST INC., is the largest of America's multinational telecommunications platforms for broadcasting and cable television.  COMCAST has a registered agent for its Dallas, Texas, business market at CT CORPORATION SYSTEM, 1999 Bryan St., Ste. 900, Dallas, Texas, 75201-3136, USA.

8. Defendant COMCAST VENTURES, LLC., known from hereinafter as COMCAST VENTURES is a venture capital firm headquartered in San Francisco, California and a subsidiary of COMCAST INC.

9. COMCAST INC. (formerly known as American Cable Systems and Comcast Holdings) is headquartered in Philadelphia, PA. COMCAST INC., is the largest of America's multinational telecommunications platforms for broadcasting and cable television.,

10. COMCAST VENTURES, LLC., is a venture capital firm headquartered in San Francisco, California and a subsidiary of COMCAST INC. Both CONCAST INC., and COMCAST VENTURES, are associated together with NBC News, CNBC, and MSNBC are owned by

COMCAST INC., which also owns UNIVERSAL PICTURES and is a minority partner to five Chinese state-owned companies.

11. COMCAST INC., and COMCAST VENTURES, through their control of major media networks and outlets, censored DAVID or caused DAVID to be censored.

12. Beginning in or about the year 2020, COMCAST INC., and COMCAST VENTURES LLC., censored FILMON LTD., or caused its censoring to prevent FILMON LTD., from exposing early on the corrupt and racketeering conduct of associates to and of attorney Thomas Girardi and his wife Erica Jane Girardi, known from hereinafter as the GIRARDIS.

13. Attorneys associated with COMCAST INC, COMCAST LLC, and GIRARDI acted to inflame the conditions of DAVID under Legal Abuse Syndrome and in violation of the American Disabilities Act to further gain tactical advantages over litigation.

14. The censoring of FILMON LTD., by COMCAST INC., and COMCAST LLC., further lessened streaming media competition with the telecommunications COMCAST ONDEMAND brand(s) to include but not limited to NBC News, CNBC, and MSNBC and Xfinity by injury, destruction, and or preventative competition to FILMON LTD., and its customer base in the state of Texas.

15. COMCAST, INC., has a registered agent in Texas: CT CORPORATION SYSTEM, 1999 Bryan St., Ste. 900, Dallas, TX, 75201-3136, USA

**INJURY TO PLAINTIFFS IN THE STATE OF TEXAS**
*ALKIVIADES DAVID; FILMON TV LTD.;*
*FILMON TV INC.; ALKI DAVID PRODUCTION INC.*

16. Plaintiffs are engaged in business contracts with Dallas, Texas, based company "SWISSX," inasmuch that BECAUSE OF THE conduct of the COMCAST…., Plaintiff's ability to conduct trade or business in, through, and from the state of Texas, including the financial budgeting for advertising has been highly affected by the course of conduct engaged in by the Defendants.

# FIRST CLAIM FOR RELIEF
*(Antitrust CLAYTON ACT pursuant to TITLE 15 U.S.C. § 15(a))* **and**
**TEXAS BUSINESS AND COMMERCE CODE, TITLE 2, CHAPTER 15.05**
**COMCAST INC.; COMCAST VENTURES, LLC.**

17. Plaintiff incorporates by reference and realleges pages 1 through 4 as set forth above. Title 15 U.S.C. § 15(a) provides that any person who shall be injured in his business or property by reason of anything forbidden in the antitrust laws may sue therefor in any district court of the United States in the district in which the defendant resides or is found or has an agent.

18. TEXAS BUSINESS AND COMMERCE CODE, Title 2, Chapter 15.05(a) further provides "Every contract, combination, or conspiracy in restraint of trade or commerce is unlawful."

19. Beginning in or about the year 2020 but to the present day, COMCAST INC., and COMCAST LLC., censored FILMON LTD., or caused its censoring to prevent FILMON LTD., from exposing early on the corrupt and racketeering conduct of the GIRARDI-KEESE Enterprise. The censoring of FILMON LTD., by COMCAST INC., and COMCAST LLC., lessened

competition with their telecommunications streaming brands by injury, destruction, and or preventative competition to FILMON LTD., and its subscribed customer base in the state of Texas.

20. Plaintiffs demands for judgment against Defendants as to the First Claim as follows:

1. Finding that all defendants are jointly and severally liable for all damage caused to Plaintiffs;

2. Awarding Plaintiff monetary damages in an amount not less than $85,045,000.00 said amount to be proven at trial;

3. Awarding Plaintiff its litigation expenses, including reasonable attorneys' fees, costs, and disbursements;

4. Awarding Plaintiffs treble the award as referenced in Part 20(2) as prescribed by law;

5. Granting such other relief as the case may require or as may be deemed proper and equitable.

## SECOND CLAIM FOR RELIEF
*(Violation of the ADA ACT 42 U.S.C. § 12101)*
**AMERICAN DISABILITIES ACT OF 1990**
**COMCAST INC.; COMCAST VENTURES, LLC.**

21. Plaintiff incorporates by reference and realleges pages 1 through 4 set forth above.

22. Plaintiffs demands for judgment against Defendants as to the Second Claim as follows:

1. Finding that all defendants are jointly and severally liable for all damage caused to Plaintiffs;

2. Awarding Plaintiff monetary damages in an amount not less than $15,000,000.00 said amount to be proven at trial;

3. Awarding Plaintiff its litigation expenses, including reasonable attorneys' fees, costs, and disbursements;

4. Awarding Plaintiffs punitive damages in the sum of not less than $100,000,000.00 or an amount otherwise to be decided by a jury; and

5. Granting such other relief as the case may require or as may be deemed proper and equitable.

**PRAYER FOR RELIEF WHEREFORE**, Plaintiffs prays for judgment against Defendants as follows:

1. Finding that all defendants are jointly and severally liable for all damage caused to Plaintiffs;

2. Awarding Plaintiff monetary damages in aggregate amount not less than $270,135,000.00 said amount to be proven at trial;

3. Awarding Plaintiff its litigation expenses, including reasonable attorneys' fees, costs, and disbursements;

4. Awarding Plaintiffs punitive damages in the sum of not less than $100,000,000.00 or an amount otherwise to be decided by a jury; and

5. Granting such other relief as the case may require or as may be deemed proper and equitable.

**JURY DEMAND**, Pursuant to Fed. R. Civ. P. 38(b), Plaintiffs hereby demand a trial by jury of all issues so triable that are raised herein, or which hereinafter may be raised in this action.

Respectfully Submitted,

_____
MARK J. LIEBERMAN
Texas Bar No. 12332520
1704 Pine Hills Lane
Corinth, Texas 76210
(817) 905-3772
Mjc358@hotmail.com
*Lead attorney of record*