UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| ALKIVIADES DAVID, ET AL. | § | |
| | § | |
| v. | § | CIVIL NO. 4:23-CV-435-SDJ |
| | § | |
| COMCAST INC., ET AL. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendants Comcast Inc. and Comcast Ventures, LLC's Motion to Dismiss. (Dkt. #10). In their motion, brought under Federal Rules of Civil Procedure 12(b)(2) and (b)(6), Defendants argue that Plaintiffs' complaint fails to plead sufficient facts to establish the Court's personal jurisdiction over Defendants and fails to state a claim. (Dkt. #10). Because the Court concludes that sufficient facts have not been pleaded to establish personal jurisdiction over Defendants, the Rule 12(b)(2) motion will be granted. However, Plaintiffs will be permitted an opportunity to amend their complaint.[1]

### I. BACKGROUND

Plaintiffs Alkiviades David, Filmon TV Ltd., Filmon TV Inc., Alki David Production Inc., Hologram USA, and Swiss X allege that Defendants Comcast Inc. and Comcast Ventures, LLC somehow censored Filmon TV Ltd. "from exposing early on the corrupt and racketeering conduct of associates to and of attorney Thomas Girardi and his wife Erica Jane Girardi[.]" (Dkt. #1 ¶ 12). Plaintiffs claim that this censoring "lessened streaming media competition" and "inflame[d] the conditions of

---

[1] Because personal jurisdiction has not been established and dismissal under Rule 12(b)(2) is warranted, the Court need not address Defendants' Rule 12(b)(6) motion.

[Alkiviades David] under Legal Abuse Syndrome[.]" (Dkt. #1 ¶¶ 13–14). Based on these allegations, Plaintiffs bring federal and state antitrust claims, and a claim for violation of the Americans with Disabilities Act. (Dkt. #1 ¶¶ 17–21).

Defendants filed a motion to dismiss arguing, inter alia, that Plaintiffs have not pleaded sufficient facts to establish that the Court may exercise personal jurisdiction over Defendants. Specifically, Defendants contend that Plaintiffs' complaint fails to include any allegation that Defendants' affiliations with Texas are "so continuous and systematic as to render them essentially at home" in the State, and thus the complaint cannot support a finding that Defendants are subject to the exercise of general jurisdiction. *See Frank v. P N K (Lake Charles) L.L.C.*, 947 F.3d 331, 336 (5th Cir. 2020) (internal quotation marks and citation omitted). Defendants further contend that Plaintiffs' complaint also fails to include any non-conclusory allegation that would allow the Court to exercise specific jurisdiction over Defendants concerning the claims asserted.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(2) allows a party to raise the defense that a court lacks personal jurisdiction. The Court's jurisdiction over a defendant is constrained by due process. *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 471–72, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985). To pursue a lawsuit against a defendant, a plaintiff must therefore establish that the defendant maintains adequate contacts with the forum state such that haling him to the State to defend himself would be "reasonable" and would "not offend traditional notions of fair play

2

and substantial justice." *Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*, 592 U.S. 351, 358, 141 S.Ct. 1017, 209 L.Ed.2d 225 (2021) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316–17, 66 S.Ct. 154, 90 L.Ed. 95 (1945)).

"Personal jurisdiction over a defendant can be established under two general theories—either general jurisdiction, which refers to the Court's 'all-purpose' jurisdiction over defendants that are essentially at home in the forum state; or specific jurisdiction, which refers to 'case-linked' jurisdiction arising from a defendant's activities directed toward the forum state." *Select Rsch., Ltd. v. Amazon.com, Inc.*, No. 4:23-CV-865-SDJ, 2024 WL 3585106, at \*2 (E.D. Tex. July 30, 2024) (quotation omitted).

General jurisdiction exists when the defendant's contacts with the forum state are "so continuous and systematic as to render [the defendant] essentially at home in the forum State." *Daimler AG v. Bauman*, 571 U.S. 117, 139, 134 S.Ct. 746, 187 L.Ed.2d 624 (2014) (cleaned up). In general, "a corporation's 'home' falls in two paradigmatic places: (1) the state of incorporation and (2) the state where it has its principal place of business." *P N K*, 947 F.3d at 337.

"Specific jurisdiction arises when the defendant's contacts with the forum arise from, or are directly related to, the cause of action." *Revell v. Lidov*, 317 F.3d 467, 470 (5th Cir. 2002) (quotation omitted). The Court evaluates specific jurisdiction using a "three-step" procedure. *Admar Int'l, Inc. v. Eastrock, L.L.C.*, 18 F.4th 783, 786 (5th Cir. 2021). First, the plaintiff must demonstrate that the defendant has minimum contacts with the forum state—meaning that the defendant purposely

3

directed his activities at the forum state and availed himself of the privilege of doing business in the State. *Id.* Second, the plaintiff must demonstrate that the asserted causes of action arise out of, or relate to, the defendant's contacts with the forum state. *Id.* Third, after the plaintiff has established the first two requirements, the burden shifts to the defendant to prove that maintaining a lawsuit in the forum state would be either "unfair" or "unreasonable." *Id.*

Although the burden rests with the plaintiff to establish the core elements of personal jurisdiction, the plaintiff can satisfy that burden at the pleading stage by simply presenting a prima facie case for jurisdiction. *Walk Haydel & Assocs., Inc. v. Coastal Power Prod. Co.*, 517 F.3d 235, 241 (5th Cir. 2008).

## III. DISCUSSION

Plaintiffs have failed to present a prima facie case establishing the Court's personal jurisdiction over Defendants. In this regard, although the Court's inquiry is focused on Plaintiffs' complaint, it is notable that, in their response to Defendants' Rule 12(b)(2) motion, Plaintiffs offer no facts or legal arguments that would support the Court's exercise of personal jurisdiction over Defendants. *See* (Dkt. #14).

To be sure, Plaintiffs have alleged their own ties to Texas. For example, Plaintiff SwissX is based in Texas. (Dkt. #1 ¶ 6). They also allege that Defendants' censoring activities impacted Plaintiffs' Texas customer base and their ability to conduct trade and business in Texas. (Dkt. #1 ¶¶ 14, 16). But it is Defendants' contacts with Texas—not Plaintiffs'—that matter when considering personal jurisdiction.

4

For general jurisdiction, there are no factual allegations that Defendants are either incorporated or have their principal places of business in Texas. In fact, Plaintiffs have alleged that Defendants are headquartered *outside* Texas. (Dkt. #1 ¶¶ 7–10); *see Hertz Corp. v. Friend*, 559 U.S. 77, 92–95, 130 S.Ct. 1181, 175 L.Ed.2d 1029 (2010) (holding that a corporation's headquarters is typically its principal place of business). Plaintiffs also have not alleged where either Defendant is incorporated.

For specific jurisdiction, Plaintiffs have not alleged that Defendants have any places of business in Texas, sell any products or services in Texas, conduct any business in Texas, or have any presence in Texas outside of Defendant Comcast Inc.'s registered agent. Without more, the Court lacks specific jurisdiction over Defendants.

As to Defendant Comcast Inc.'s registered agent in Texas: On its own, a registered agent is not enough to establish general jurisdiction. *Wenche Siemer v. Learjet Acquisition Corp.*, 966 F.2d 179, 183 (5th Cir. 1992) ("A registered agent, from any conceivable perspective, hardly amounts to 'the general business presence' of a corporation so as to sustain an assertion of general jurisdiction.").

Likewise, "[s]ervice on a designated agent alone does not establish minimum contact" for specific jurisdiction. *See Leonard v. USA Petroleum Corp.*, 829 F.Supp. 882, 889 (S.D. Tex. 1993) (citing *Perkins v. Benguet Consol. Mining Co.,* 342 U.S. 437, 444–48, 72 S.Ct. 413, 96 L.Ed. 485 (1952)).

Because the Court finds that Plaintiffs have not alleged sufficient facts to establish either general or specific jurisdiction over Defendants, the Court must dismiss Plaintiffs' complaint for lack of personal jurisdiction.

5

## IV. Conclusion

For the foregoing reasons, Defendants Comcast Inc. and Comcast Ventures, LLC's Motion to Dismiss, (Dkt. #10), is **GRANTED**. Plaintiffs' claims against Defendants are **DISMISSED without prejudice** pursuant to Federal Rule of Civil Procedure 12(b)(2).

It is further **ORDERED** that Plaintiffs may file an amended complaint on or before **July 30, 2026**. Failure to amend the complaint by the required time will result in dismissal of the case.

**So ORDERED and SIGNED this 16th day of June, 2026.**

_____
SEAN D. JORDAN
UNITED STATES DISTRICT JUDGE

6