**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| **ALKIVIADES ANDREW DAVID, IV,** | § | |
| ***Plaintiff,*** | § | |
| **v.** | § | |
| **COMCAST INC.; COMCAST VENTURES, LLC; NBCUNIVERSAL MEDIA, LLC; DOUBLEVERIFY, INC.; YILDIRIM HOLDING A.S.; YILPORT HOLDING INC.; CBS INTERACTIVE INC.; and DOES 1-100,** | § | **C.A. No. 4:23-CV-00435-SDJ-BD** |
| ***Defendants.*** | § | |

**COMCAST DEFENDANTS' RESPONSE TO PLAINTIFF'S OBJECTIONS TO THE REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE (DKT. 100)**

Defendants Comcast Inc.[1] and Comcast Ventures, LLC (collectively, "Comcast") respectfully file this response to Plaintiff's Specific Objections (Dkt. 100) (the "Objections") to the Report and Recommendation of the United States Magistrate Judge (Dkt. 97) (the "R&R") as follows.

## I. Introduction

United States Magistrate Judge Bill Davis did not err in recommending that Comcast's motion to dismiss be granted for lack of personal jurisdiction. The First Amended Complaint ("FAC") "establish[es] neither general nor specific personal jurisdiction over the Comcast defendants," Plaintiff "has identified no basis to allow jurisdictional discovery," and his claims

[1] As noted in its Corporate Disclosure Statement, Comcast assumes Plaintiff intended to name Comcast Corporation, rather than "Comcast Inc."

against Comcast should be dismissed without prejudice. (Dkt. 97 at 7, 10). Nothing in the Objections disturbs Judge Davis's conclusions.

Rather than identify an error in the R&R, Plaintiff asks the Court to look past the FAC altogether. He asks the Court to consider a declaration and "exhibit schedule" not filed with the Court; to allow 45 days of jurisdictional discovery; and, depending on what turns up, to allow yet another amendment. (Dkt. 100 at 1, 4). But Plaintiff already had his second bite at the apple. The Court dismissed the Original Complaint because Plaintiff failed to demonstrate that the Court can exercise personal jurisdiction over Comcast, granted Plaintiff leave to amend, and told Plaintiff, in writing (and from the bench), exactly what Plaintiff needed to plead to survive another jurisdictional challenge. (Dkt. 44 at 4–6; Dkt. 60 at 10:8–12:20). Plaintiff did not do what the Court asked. To the contrary, he continues to assert claims that belong not to him, but to business entities he cannot represent before this Court. (Dkt. 80 at 3 n.2; Dkt. 97 at 5–6).

Objections to an R&R are not a vehicle to cure a deficient pleading, and jurisdictional discovery is not a remedy for a complaint that never makes a preliminary showing of jurisdiction. The Objections should be overruled, and Plaintiff's claims against Comcast should be dismissed without prejudice for lack of personal jurisdiction.

## II. STANDARD OF REVIEW

The Court reviews *de novo* only those portions of an R&R on a dispositive motion to which a party makes a specific, proper objection. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(3). While the Court may "receive further evidence," it "should not be compelled to ignore that the parties had a full and fair opportunity to present their best evidence to the magistrate judge," and it may weigh "the reasons for the moving party's default" and whether the evidence was previously

available. *Freeman v. Cnty. of Bexar*, 142 F.3d 848, 852–53 (5th Cir. 1998) (quoting *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 174 (5th Cir. 1990)).

## III. ARGUMENT

### A. Plaintiff Has Not Made the Preliminary Showing Required for Jurisdictional Discovery.

Plaintiff's Objections do not address the substance of the R&R's conclusion: that the FAC pleads no facts from which the Court could infer general or specific jurisdiction over Comcast. Indeed, Plaintiff does not dispute Judge Davis's finding that the FAC alleges no facts showing Comcast is at home in Texas (Dkt. 97 at 7–8), having already conceded that general jurisdiction is "not necessary." (Dkt. 73 at 6 n.3 (quoting Dkt. 63 at 3)). That unchallenged finding should be adopted.

The Objections instead focus on Judge Davis's refusal to permit jurisdictional discovery. Jurisdictional discovery, however, is warranted only if the plaintiff first makes "a preliminary showing of jurisdiction," and "[w]hen the lack of personal jurisdiction is clear, discovery would serve no purpose and should not be permitted." (Dkt. 97 at 8 (quoting *Fielding v. Hubert Burda Media, Inc.*, 415 F.3d 419, 429 (5th Cir. 2005), and *Kelly v. Syria Shell Petrol. Dev. B.V.*, 213 F.3d 841, 855 (5th Cir. 2000) (cleaned up))). Plaintiff accepts that standard, agreeing that "[s]peculation is insufficient." (Dkt. 100 at 2). Yet he has failed to identify any basis for jurisdictional discovery that rises above speculation.

Further still, the Objections confirm that Plaintiff intends to utilize this litigation to embark on a wide-ranging fishing expedition. Each of the "specific jurisdictional questions" he poses asks what conduct or arrangements, "if any," Comcast had in connection with Texas, and his six proposed document requests are equally open-ended. (Dkt. 100 at 2–3). A plaintiff who must ask whether a defendant had *any* forum contacts has, by definition, not made a preliminary showing

that they exist. The Fifth Circuit "will not authorize 'a jurisdictional fishing expedition' based on a plaintiff's general averments that more discovery will prove [] jurisdiction"; the plaintiff must identify the "specific facts" he expects to find and show that discovery is "likely to produce the facts needed to withstand" dismissal. *Johnson v. TheHuffingtonPost.com, Inc.*, 21 F.4th 314, 326 (5th Cir. 2021) (cleaned up). Plaintiff's open-ended inquiries do neither.

More fundamentally, discovery cannot cure a facially deficient pleading. Conclusory allegations do not "unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009). Nor must a court credit conclusory jurisdictional allegations, even if uncontroverted. *Panda Brandywine Corp. v. Potomac Elec. Power Co.*, 253 F.3d 865, 869 (5th Cir. 2001). Here, the FAC's allegations about Comcast's Texas contacts "are conclusory, do not show that Comcast purposefully availed itself of a Texas forum, and do not connect those contacts to David's claims." (Dkt. 97 at 8). The FAC's lone Texas allegation is the generic assertion that Comcast engages in the "delivery, licensing, monetization, advertising, and commercial exploitation of Comcast/NBCUniversal content into Texas markets." (*Id.* at 8–9 (quoting Dkt. 54 at 4)). At best, the FAC's "claims" consist of a single sentence listing ten theories, from antitrust to "preservation violations," plus "all other claims supported by discovery," without separating them into counts, assigning them to defendants, or tying them to facts. (Dkt. 73 at 11–12 (quoting Dkt. 54 ¶ 22)).

As Judge Davis observed, "[i]t is unclear from those allegations what claims David brings against the Comcast defendants, whether those claims are brought against one or both of them, and how the claims relate to any alleged contacts with Texas." (Dkt. 97 at 9). Specific jurisdiction is a defendant-by-defendant, claim-by-claim inquiry, *see Johnson*, 21 F.4th at 317–18, and discovery cannot answer a question the pleading never asks.

### B. Plaintiff Already Had an Opportunity to Amend, and Further Amendment Would Be Futile.

Plaintiff's request that the Court "receive and consider" a declaration and exhibit schedule (Dkt. 100 at 1, 4) is an attempt to amend his pleading after the fact. He admits the declaration is meant to supply "the particularized preliminary showing directed specifically at Comcast Inc. and Comcast Ventures, LLC that was not fully developed in the prior record." (*Id.* at 2). But no declaration or exhibit schedule appears on the docket; Docket Entry 100 consists solely of the five-page Objections. (*See generally* Dkt. 100). There is thus no evidence to consider. And even if there were, Plaintiff offers no reason he could not have pleaded such information or presented it to Judge Davis during briefing on the motion itself. *See Freeman*, 142 F.3d at 852–53.

Nor is this Plaintiff's first attempt to plead a claim as to Comcast. The Court already dismissed the Original Complaint for lack of personal jurisdiction and granted leave to amend. (Dkt. 44 at 5–6; Dkt. 60 at 5:6–9; Dkt. 97 at 3). And the Court did not leave Plaintiff to guess what was necessary. At the June 16, 2026 hearing, the Court explained that the question "has to do with two specific Defendants that were sued, Comcast, Inc. and Comcast Ventures, LLC," and that personal jurisdiction must be established "for those particular Defendants." (Dkt. 60 at 10:8-19). When Plaintiff turned to the alleged Dallas activities of others, the Court reminded Plaintiff that such a person "is not a party in this case" and that its order "tells [Plaintiff] very clearly what needs to be before the court." (*Id.* at 12:10–19). Plaintiff answered: "I understand." (*Id.* at 12:20). He then filed an amended pleading "even less precise than the Original Complaint" (Dkt. 73 at 6), one that still does not say where Comcast is incorporated or headquartered, describe the duration or frequency of any Texas contact, or tie any Comcast contact to any claim Plaintiff brings. (Dkt. 97 at 7–9).

In any event, amendment would be futile because the claims Plaintiff seeks to pursue are not his. As Comcast has shown, the injuries he describes (to the extent they even exist) belong to non-parties FilmOn and Hologram USA (Dkt. 80 at 3 n.2), and Judge Davis found, without objection from Plaintiff, that the business-entity plaintiffs abandoned their claims by failing to obtain counsel. (Dkt. 97 at 5–6). The Court warned Plaintiff that business entities "must be represented by counsel" (Dkt. 60 at 4:20–24), and Plaintiff cannot sidestep that rule by repleading the entities' claims in his own name. *Pro se* status does not excuse compliance with these rules. *McNeil v. United States*, 508 U.S. 106, 113 (1993); *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981). The Court should deny leave to amend.

**C. Dismissal Without Prejudice Preserves Plaintiff's Ability to Sue Where Comcast Is at Home.**

Adopting the R&R works no unfair prejudice on Plaintiff. The dismissal is *without prejudice* and rests on personal jurisdiction, not the merits. (Dkt. 97 at 9–10 (citing *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 93–94 (1998))). To the extent Plaintiff has any claims of his own, he remains free to bring them, properly pleaded, where Comcast is "fairly regarded as at home," such as its state of incorporation or principal place of business. (*Id.* at 4, 7 (citing *Fuld v. Palestine Liberation Org.*, 606 U.S. 1, 12 (2025), and *Frank v. P N K (Lake Charles) L.L.C.*, 947 F.3d 331, 337 (5th Cir. 2020))). That forum is not Texas. (Dkt. 73 at 6–7); *see Johnson*, 21 F.4th at 324 (plaintiff unable to establish specific jurisdiction in Texas "may sue HuffPost in Delaware or New York, where the site is at home").

Nothing else ties this dispute to Texas, either. Plaintiff resides in Antigua, is a British citizen, and does not plead that he was in Texas at any relevant time. (Dkt. 73 at 8–9). Finally, Plaintiff's renewed requests for counsel and accommodations identify no error in the R&R and, by his own account, do not "alter substantive legal standards." (Dkt. 100 at 4).

## IV. Conclusion

Comcast respectfully requests that the Court overrule Plaintiff's Objections (Dkt. 100); decline to consider any declaration or exhibits referenced in, but not filed with, the Objections; deny Plaintiff's requests for jurisdictional discovery and leave to amend; adopt the R&R (Dkt. 97); grant Comcast's Motion to Dismiss (Dkt. 73); and dismiss Plaintiff's claims against Comcast Inc. and Comcast Ventures, LLC. Comcast further requests all other relief to which it may be justly entitled.

Dated: November 25, 2026

Respectfully submitted,

McDowell Hetherington LLP

By: /s/ *Andrew R. Kasner*
Thomas F. A. Hetherington*
Texas Bar No. 24007359
Andrew R. Kasner
Texas Bar No. 24078770

1001 Fannin Street, Suite 2400
Houston, Texas 77002
Telephone: (713) 337-5580
Facsimile: (713) 337-8850
tom.hetherington@mhllp.com
andrew.kasner@mhllp.com
**Attorney-in-charge*

**ATTORNEYS FOR COMCAST DEFENDANTS**

**CERTIFICATE OF SERVICE**

I hereby certify that on November 25, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel of record.

/s/ *Andrew R. Kasner*
Andrew R. Kasner